854 F.2d 1318
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeffrey G. HILL, a/k/a Keith Wartman, Defendant-Appellant.
 No. 87-5676.
 United States Court of Appeals, Fourth Circuit.
 Argued May 6, 1988.
Decided Aug. 5, 1988.
 
 David B. Smith (English & Smith on brief) for appellant.
 Barry M. Tapp, Special Assistant United States Attorney (Henry E. Hudson, United States Attorney, Roscoe E. Howard, Jr., Assistant United States Attorney on brief) for appellee.
 Before HARRISON L. WINTER, Chief Judge, SPROUSE and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Jeffrey G. Hill appeals his convictions of second degree murder, 18 U.S.C. Sec. 1111, and wrongful possession of a shank capable of causing serious bodily injury, 18 U.S.C. Sec. 13. He challenges several of the district court's rulings, namely the admission of evidence of Hill's pre-arrest silence, the denial of Hill's motion for a mistrail following a reference to Hill's post-arrest silence, and the refusal to use Hill's proffered jury instructions. We affirm.
 
 I.
 
 2
 Jeffrey Hill admitted that on June 23, 1987, he killed Floyd McIntosh, another inmate at the Lorton Reformatory. Hill stabbed McIntosh twice with a "shank," a piece of sharpened copper, before a group of inmates watching T.V. in the dormitory.
 
 
 3
 At trial, Hill's theory of the case was that he acted in self-defense. McIntosh allegedly made repeated homosexual threats toward Hill. According to Hill, on the day of the assault, McIntosh had poured water on Hill's bed, and later he pressed a knife to Hill's neck in the shower, threatening to rape him. They were interrupted by a guard's announcement. Five minutes later, Hill stabbed McIntosh.
 
 
 4
 The prosecution introduced witnesses who testified they saw Hill accidentally spill a little water on McIntosh's bed, and that McIntosh poured a bucket of mop water on Hill's bed after Hill had stepped outside. The witnesses said the two inmates argued soon thereafter, and Hill threatened with "you shouldn't did that. You're going to regret you did that." Minutes later he stabbed McIntosh in the T.V. room.
 
 
 5
 In September, 1987, Hill was convicted of second degree murder and wrongful possession of a shank capable of causing bodily injury. He appeals, requesting a new trial.
 
 II.
 
 6
 Hill first argues that the district court erred in overruling his counsel's objection to the government's cross-examination regarding Hill's pre-arrest silence. In order to impeach Hill's testimony and prove that his theory of the case was concocted at a later time, the government questioned Hill about his silence immediately following the assault. Hill admitted that he had said nothing to the officers, and the trial judge ruled this was a "fair question."
 
 
 7
 Hill does not raise a fifth amendment question as this issue has already been resolved in favor of the government. Jenkins v. Anderson, 447 U.S. 231, 100 S.Ct. 2124, 65 L.Ed.2d 86 (1980) (Fifth amendment not violated by use of pre-arrest silence when impeaching a criminal defendant's credibility). Instead, Hill argues that the probative value of the evidence was outweighed by its prejudicial impact. The trial court ruled the government's question was fair. We assume that fairness refers to the outcome of the court's balancing test, valuing probative and prejudicial impacts.
 
 
 8
 Using an abuse of discretion standard of review, United States v. Hale, 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975), we find no error in the admission of the pre-arrest silence. Hill's silence at the time the officers entered the dormitory is at least some proof that his version may not have been developed until later. In view of Hill's theory of the case that he stabbed McIntosh in rage and self-defense, the evidence that he had quietly hidden the weapon and remained silent was probative as to whether his defense was a recent fabrication. Balanced with the independent evidence of Hill's guilt, including direct testimony about his threat toward McIntosh, the evidence of pre-arrest silence was not unduly prejudicial. Thus, the trial court did not err in permitting the government to cross-examine Hill about his failure to speak.
 
 III.
 
 9
 Hill next challenges the district court's refusal to order a mistrial following a witness' reference to Hill's post-arrest silence. During the government's presentation of rebuttal evidence, FBI Agent McKee testified that he had attempted to question Hill the night of the killing and that Hill had "elected his right not to speak with us." The trial judge sustained counsel's immediate objection. He instructed the jury to disregard the reference to Hill's post-arrest silence. "He has a right to invoke his constitutional rights, [he] doesn't have to talk to anybody." (Tr. at 351)
 
 
 10
 It is well established that post-Miranda silence is inadmissible under the fourteenth amendment. Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). However, in Greer v. Miller, --- U.S. ----, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987), the Court found that under circumstances virtually identical to this case, such references can be cured by jury instructions. In determining whether use of post-arrest silence is harmless, this circuit has balanced such factors as who pursued this line of questioning, the availability of curative instructions, other evidence of guilt, and the intensity and frequency of the reference. Alston v. Garrison, 720 F.2d 812, 817-818 (4th Cir.1983), cert. denied, 468 U.S. 1219, 104 S.Ct. 3589, 82 L.Ed.2d 886 (1984).
 
 
 11
 Granted, that in this case, the testimony was elicited by the government. However, ample independent evidence existed of Hill's guilt (his confession, testimony regarding the water-fight, and previous opportunities to defend himself from McIntosh with no action taken). The reference to silence was fleeting, and pursuant to Greer, it was immediately cured by instructions to the jury. Thus, the reference to post-arrest silence was merely harmless error.
 
 IV.
 
 12
 Finally, Hill maintains that the lower court erred in refusing to give his requested jury instructions. Hill requested special instructions on self-defense and heat of passion that incorporated the specific facts as put forth by the defense. Instead, the trial court gave pattern instructions on these two subjects. The court's instructions went into considerable detail with regard to what the jury must find if certain circumstances were believed beyond a reasonable doubt. Our review for an abuse of discretion indicates that the instructions more than adequately covered the topics requested by the defense.
 
 
 13
 Finding no issue compelling, we affirm the convictions of Hill.
 
 
 14
 AFFIRMED.